FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 29, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID LEE ROY KING, a/k/a/ DAVID L.R. KING,<br><br>                Plaintiff,<br><br>   v.<br><br>STATE OF LOUISIANA, LOUISIANA DEPARTMENT OF LICENSING, IBERVILLE PARISH, STATE OF WASHINGTON, and WASHINGTON DEPARTMENT OF LICENSING,<br><br>                Defendants. | No. 1:24-CV-3180-MKD<br><br>ORDER GRANTING MOTION TO DISMISS<br><br><br><br>ECF No. 5 |

Before the Court is the State of Washington and the Washington Department of Licensing's (the Washington Defendants) Motion to Dismiss. ECF No. 5. The Court held a hearing on January 29, 2025. ECF No. 16. Plaintiff appeared *pro se*. Brian J. Baker represented the Washington Defendants. The Court has reviewed the record and is fully informed. For the reasons set forth below, the Court grants the motion.

ORDER - 1

## BACKGROUND

The following facts are alleged in Plaintiff's Complaint and the affidavit attached thereto. ECF No. 1; ECF No. 1-2. On August 15, 2023, Iberville Parish, Louisiana, issued a traffic citation to Plaintiff. ECF No. 1-2 at 2. Plaintiff paid the traffic citation on April 1, 2024. *Id*. On April 10, 2024, Plaintiff received an unspecified letter from the Washington Department of Licensing. *Id*. On May 6, 2024, the Washington Department of Licensing suspended Plaintiff's driver's license. *Id*. In July 2024, Plaintiff applied for employment with Uber, which conducted a background check. *Id*. at 3. Uber "denied" employment based on a "failed background check," which indicated Plaintiff's driver's license had been suspended. *Id*.

Plaintiff filed the Complaint on November 5, 2024, alleging, as relevant here, that all Defendants conspired to deprive Plaintiff of his right to travel and be employed by unlawfully suspending his driver's license and that the Washington Defendants failed to communicate with the State of Louisiana, the Louisiana Department of Licensing, and Iberville Parish. ECF No. 1 at 4-6. The Washington Defendants moved to dismiss on December 19, 2024. ECF No. 5.

## LEGAL STANDARD

"To survive a [Fed. R. Civ. P. 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

ORDER - 2

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In considering a motion to dismiss for failure to state a claim, the Court must accept as true the well-pleaded factual allegations and any reasonable inference to be drawn from them, but legal conclusions are not entitled to the same assumption of truth. *Id*. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Twombly*, 550 U.S. at 562. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555. Because Plaintiff is proceeding *pro se*, the Court liberally construes his pleadings. *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019).

## DISCUSSION

The Washington Defendants move to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6), contending the Eleventh Amendment precludes Plaintiff's claims against them. ECF No. 5.

Plaintiff appears to assert claims pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 at 4-6. However, states and state agencies are not "persons" subject to suit under

ORDER - 3

Section 1983.[1]  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").  Thus, to the extent Plaintiff asserts claims arising under Section 1983, they are precluded by the Eleventh Amendment.[2]  The Court therefore dismisses Plaintiff's claims against the Washington Defendants, without

---

[1] In his response to Defendants' motion, Plaintiff appears to name—for the first time—Marcus Glasper as a defendant in this action and notes "these causes of action" are also brought against him.  ECF No. 6 at 2.  However, "it is 'axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'" *Apple Inc. v. Allan & Assoc. Ltd.*, 445 F. Supp. 3d 42, 59 (N.D. Cal. 2020) (quoting *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014)); *see, e.g.*, *Lee v. City of Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  For this reason, the Court also does not consider Plaintiff's Amended Affidavit, ECF No. 9, which Plaintiff filed after the Washington Defendants moved to dismiss.

[2] Further, to the extent Plaintiff asserts claims against the Washington Defendants arising under the "common law of the United States," these too are precluded by the Eleventh Amendment.  *See Rains v. State*, 674 P.2d 165, 170 (Wash. 1983) ("[T]he State cannot be sued in federal court because of the Eleventh Amendment.").

ORDER - 4

prejudice. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (holding that dismissals under the Eleventh Amendment should be without prejudice so that the plaintiff "may reassert his claims in a competent court"). The Court further denies leave to amend because no amendment can overcome Eleventh Amendment immunity. *See Lucas v. Cal. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (holding that when a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint).

## CONCLUSION

For the reasons explained above, the Court grants the Washington Defendants' Motion to Dismiss.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Washington Defendants' Motion to Dismiss, **ECF No. 5**, is **GRANTED**.

2. Plaintiff's claims against the Washington Defendants are **DISMISSED**.

3. Plaintiff's Motion to Strike, **ECF No. 13**, is **DENIED as moot**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, **enter judgment**, and provide a copy to the parties.

ORDER - 5

DATED January 29, 2025.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 6